```
             THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION

SANTOS ARMANDO AMAYA and      §
THOMAS FONTANILLE,            §
                              §
     Plaintiffs,              §
                              §
v.                            § CIVIL ACTION NO. 4:19-cv-1962
                              §
BEST TRASH, LLC, dba          §
BEST TRASH, RICHARD MAY       §
INDIVIDUALLY, and             §
MATTHEW C. MAY INDIVIDUALLY,  §
                              §
     Defendants.              §
```

PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT

SUMMARY OF SUIT

1. Best Trash, LLC dba Best Trash (the "Company") provides local waste collection services in Houston and the surrounding metropolitan area.

2. Unfortunately, the Company did not pay its non-exempt employees, Santos Armando Amaya ("Amaya") and Thomas Fontanille ("Fontanille") (collectively, the "Plaintiffs") overtime compensation for hours worked over forty (40) per workweek in violation of the Fair Labor Standards Act.

3. Defendants Richard May ("R. May") and Matthew C. May ("M. May") are the Company's managers, owners and operators. Reference to the "Defendants" is to the Company, R. May, and M. May collectively.

JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 29

U.S.C. § 216(b)(2019) and 28 U.S.C. § 1331 (2019).

5.   The Plaintiffs bring this Complaint in the district in which the Company does business and where a substantial portion of the conduct charged herein occurred.  As such, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2019).

## THE PARTIES

6.   Amaya, a resident of Houston, Texas, was employed by the Company within the meaning of the FLSA during the three (3) year period preceding the filing of this Complaint.  In performing his duties for the Company, Amaya engaged in commerce or in the production of goods for commerce.

7.   Fontanille, a resident of Katy, Texas, was employed by the Company within the meaning of the FLSA during the three (3) year period preceding the filing of this Complaint.  In performing his duties for the Company, Fontanille engaged in commerce or in the production of goods for commerce.

8.   The Company, an enterprise engaged in commerce, is a Texas limited liability company doing business in the greater Houston metropolitan area. The Company has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiffs.  The Company may be served with process by serving its registered agent, Matthew C. May, at 17820 Madden Road, Richmond, Texas 77407.

9.   M. May has acted, directly or indirectly, in the interest

of an employer with respect to the Plaintiffs.  M. May may be served with process at 17820 Madden Road, Richmond, Texas 77407.

10.  R. May has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiffs.  R. May may be served with process at 17820 Madden Road, Richmond, Texas 77407.

BACKGROUND

11.  Best Trash has been in business since 2009 and has grown to be one of the largest privately-owned residential waste collection companies in the Houston metropolitan area. Although the Plaintiffs typically worked over forty (40) hours each week, they were not compensated for all such hours worked. Rather, the Plaintiffs were paid the same day rate for all hours worked each day regardless of the total number of hours they worked each workweek. As non-exempt employees, the Plaintiffs were entitled to be paid overtime compensation for all hours worked in excess of forty (40) hours in a workweek. 29 U.S.C. § 207 (2019).

12.  No exemption excuses the Company from paying the Plaintiffs overtime compensation for all hours worked over forty (40) hours each work week.  Nor has the Company made a good faith effort to comply with the FLSA. Instead, the Company knowingly, wilfully, or with reckless disregard carried out an illegal pattern or practice regarding unpaid overtime compensation with respect to the Plaintiffs.

13.  R. May and M. May, as the Company's managers, owners and

operators, have a substantial financial interest in the Company and are directly involved in:

    a.   the hiring and firing of its employees;

    b.   its day-to-day operations as they relate to defining the terms of employment, workplace conditions, and the level of compensation to be received by its employees;

    c.   its finances; and

    d.   corporate decisions.

## CAUSE OF ACTION

### A. Unpaid Overtime Compensation

14.   The Plaintiffs regularly worked in excess of forty (40) hours per week for which they were not properly compensated.

15.   As non-exempt employees, the Plaintiffs were entitled to receive overtime compensation for all hours worked in excess of forty (40) hours in a workweek. 29 U.S.C. § 207(a) (2019). Accordingly, the Defendants' practice of failing to pay the Plaintiffs overtime compensation was and is a clear violation of the FLSA.

16.   No exemption excused the Defendants from paying the Plaintiffs overtime compensation for hours worked over forty (40) hours. Nor did the Defendants make a good faith effort to comply with the FLSA. Instead, the Defendants knowingly, wilfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to the Plaintiffs.

17. Accordingly, the Plaintiffs are entitled to overtime pay in an amount which is one and one-half (1½) times their regular rate of pay.

18. In addition, the Plaintiffs are entitled to an amount equal to all of their unpaid overtime wages as liquidated damages.

19. Finally, the Plaintiffs are entitled to reasonable attorneys' fees and costs of this action. 29 U.S.C. § 216(b)(2019).

PRAYER

WHEREFORE, Plaintiffs Santos Armando Amaya and Thomas Fontanille request that this Court award them judgment, jointly and severally, against Defendants Best Trash, LLC, dba Best Trash, R. May, Individually, and M. May, Individually, for:

a.  damages for the full amount of the Plaintiffs' unpaid overtime compensation;

b.  an amount equal to the Plaintiffs' unpaid overtime compensation as liquidated damages;

c.  reasonable attorneys' fees, costs and expenses of this action;

d.  pre-judgment interest and post-judgment interest at the highest rates allowable by law; and

e.  such other and further relief as may be allowed by law.

Respectfully submitted,

/S/ Mark Siurek
Mark Siurek
TBA# 18447900
Fed ID# 9417
3334 Richmond Ave, Suite 100
Houston, Texas  77098
713-522-0066 (telephone)
713-522-9977 (fax)
msiurek@warrensiurek.com

ATTORNEY-IN-CHARGE FOR PLAINTIFFS

OF COUNSEL:

WARREN & SIUREK, L.L.P.
Patricia Haylon
TBA# 09281925
Fed ID# 13941
3334 Richmond Ave, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
thaylon@warrensiurek.com